Sixth Circuit—Comprised of the States of Ohio, Michigan, Tennessee, Kentucky.

Circuit Judges—Loyal E. Knappen, Grand Rapids, Michigan; Arthur C. Denison, Grand Rapids, Michigan; Maurice H. Donahue, New Lexington, Ohio.

Clerk—Arthur B. Mussman, Cincinnati.

Deputy Clerk—Frank A. Hight, Federal Building, Cincinnati.

Terms, at Cincinnati, Federal Building, on the first Monday of October, and adjourned sessions on the Tuesday after the first Monday of each other month in the year, except August and September.

At the October, February and May sessions of the court (called Calendar Sessions), there is a regular and peremptory call of the calendar containing all the cases on the docket, which would be ready for hearing.

At the July session, no cases are heard, except on special order of the court.

## OPINIONS

### No. 814

### SILVER CO. v. FEDERAL TRADE COM.

U. S. Appeals, 6th Circuit, Cincinnati
No. 3648. Decided Feb. 16, 1923

363. TRADE NAMES.

(FED.)—(1) Finding advertised opinion as to breed of hogs was not true, held not to establish unfair competition—(2) Definition of unfair methods of competition is question for the courts—(3) Order to desist from advertising weight of two hogs held unsupported by complaint or facts.

DONAHUE, Cir. J.

#### Epitomized Opinion

This was a complaint by the Federal Trade Commission against the L. B. Silver Company charging it with using unfair methods of competition in interstate commerce. Later the company filed a petition to revise the order of the commission. The original complaint alleged that the company had made false representations to the public that it was a breeder and shipper of thoroughbred hogs; that the Ohio Improved Chester is a breed of hogs separate and distinct from the Chester White hogs; that it advertised Chester White hogs for sale at a price less than that for which it would sell O. I. C. hogs; that it represented that the O. I. C. hogs were not so susceptible to disease; that it represented that two of the O. I. C. breed of hogs weighed 2806 pounds so as to deceive the public. To this complaint an answer was filed, and the Commission entered an order restraining the defendant from advertising that there was a difference between the O. I. C. and the Chester White breed, also restraining the defendant from advertising that it had no Chester White pigs; also that the O. I. C. pigs were not susceptible to disease. The defendant was also ordered to desist from advertising that two of his hogs weighed 2806 pounds and also from shipping at reduced freight rates. From this order the defendant prosecuted error. In modifying the order of the Commission, the United States Court of Appeals held:

1. Where the evidence before the Trade Commission showed an honest difference of opinion between experts as to whether the stock from which defendant bred its hogs was a separate breed, or only a different strain of the same breed, and finding that an advertisement that it was a separate breed was false does not establish unfair competition with breeders, since dealers generally are familiar with the facts and would not be deceived thereby; therefore, an order requiring it to desist from making such statements in its advertisements must be modified.

2. In determining the meaning of unfair methods of competition as used in the Federal Trade Commission Act (Compiled St., Par. 8836A et seq.) a court must give due consideration to the public policy declared in the Sherman Anti-Trust Act.

3. The finding that the advertisement that two of defendant's hogs weighed 2806 pounds would mislead a prospective purchaser to believe these hogs were then or had recently been in existence was erroneous, because the complaint contained no charge that the defendant advertised it had for sale the progeny of these hogs, and the fact also showed that the advertisement was made in 1883 and that excessive weight hogs were not desirable for breeding purposes.

Attorneys—John G. White, for Silver Company; Charles Melvin and W. H. Fuller, for Trade Commission.

### No. 815

### BIG RUN COAL CO. v. MATTHEW ADDY CO.

U. S. Appeals, 6th Circuit, Cincinnati
No. 3818. Decided July 17, 1923

165. EQUITY.

(FED.)—Will not reform (317) an illegal contract.

166. ERROR.

Finding of District Court in equity suit will be accepted on review unless evidence decidedly preponderates against it.

NAPPEN, J.

#### Epitomized Opinion

Appeal from District Court for Southern District of Ohio of an action to reform a contract. Coal Co. owned a mine in Ky. and also had a contract for the output of the Gem Coal Co., at $3 per ton. Coal Co. contracted to sell to Addy Co. its entire output of coal at $2.75 per ton, providing that if there was any change in the government price, the contract would be automatically cancelled and a new contract, in accordance with the new government regula-

tions, should be entered into. Simultaneously, the president of the Coal Co. and the vice president of the Addy Co. entered into an agreement whereby the president of the Coal Co. was to receive 7½ cents for each ton of coal shipped to the Addy Co. Including this agreement, the total price received by the Coal Co. was in excess of the amount allowed by the government. Later, however, the government increased the amount per ton and the Coal Co. demanded that a new contract be made in accordance with the new regulations. This demand was denied and the Coal Co. brought this action to reform the contract. In affirming the judgment of the District Court in dismissing the bill, the Circuit Court of Appeals held:

1. The two contracts must be considered together, and as by them the Coal Co. was to receive more than the amount allowed by the government, they were illegal contracts, and a court of equity will not lend its aid to enforcement of an illegal contract. 212 U. S. 27.

2. The District Court held that the evidence was overwhelmingly against the Coal Co.'s contention. We must accept that conclusion unless the evidence decidedly preponderates against it. 209 Fed. 325. The decree below was right and should be affirmed.

Attorneys—A. C. Roudebush, for Coal Co.; C. S. Cramer (N. B. Cramer, J. R. Samuels, on brief), for Matthew Addy Co.